United States District Court
Southern District of Texas
**ENTERED**
May 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent | § | |
| | § | CRIMINAL ACTION |
| | § | NO. 2:20-CR-00889-001 |
| V. | § | |
| | § | |
| JASON ERIC RAMIREZ, | § | HABEAS ACTION NO. 2:25-CV-110 |
| | § | |
| Defendant-Movant | § | |

## <u>MEMORANDUM OPINION & ORDER</u>

On April 28, 2025, Defendant Jason Eric Ramirez filed his Motion to Vacate, Set Aside, or Correct Sentence (D.E. 180) pursuant to 28 U.S.C. § 2255, complaining of vindictive prosecution (superseding indictment), four instances of ineffective assistance of counsel, and insufficient evidence to support conviction on constructive possession. The Court ordered Defendant to file a more definite statement with respect to his "failure to file direct appeal" claim of ineffective assistance of counsel and he did so. D.E. 200, 208.

There being an issue of fact regarding whether Defendant requested his attorney to file an appeal, the Court heard evidence on that issue on September 24, 2025. D.E. 210. On October 9, 2025, the Court issued its Memorandum Opinion and Order (D.E. 212), finding that Defendant had not sustained his burden of proof to show that he had, in fact, instructed his attorney to file a direct appeal of his conviction.

The Government was then ordered to file its response to the 2255 motion within 60 days and the Government did so. D.E. 216, 217. In turn, Defendant had 30 days to file a

1 / 10

response. D.E. 212. Defendant obtained an extension of his deadline to respond to March 6, 2026. D.E. 219. On March 24, 2026, Defendant filed his response together with a request for leave to file late, based on his late receipt of the order setting his new deadline. D.E. 221. The Court **GRANTS LEAVE** and considers his response (D.E. 221-1, pp. 4-9).

### STANDARD OF REVIEW

A § 2255 motion does not substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

### DISCUSSION

#### A. Vindictive Prosecution

Defendant's first habeas complaint is that he was subject to vindictive prosecution for remaining silent, refusing to cooperate, and exercising his right to trial by jury. D.E. 180, p. 4. This, he claims, prompted the Government to seek and obtain a superseding indictment that subjected him to a greater range of punishment. *Id*. The Government challenges this claim on the basis that (1) it is procedurally barred and (2) the superseding

indictment was based on new evidence, and the threat it posed was a proper negotiating tactic.

Vindictive prosecution based on pretrial conduct related to a prosecutor threatening and obtaining a superseding indictment in the course of plea negotiations is a claim that can be raised in a direct appeal. Failure to do so bars later consideration absent appropriate explanation. As the Fifth Circuit states:

> Usually, after a conviction and exhaustion or waiver of any right to appeal, this Court is entitled to presume that the defendant stands fairly and finally convicted. A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude. The Supreme Court has stated that, in a § 2255 proceeding, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."

*United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted); *see, e.g., Ross v. United State*s, No. 3:08-CR-167-B-BH (3), 2017 WL 3328120, at *6 (N.D. Tex. June 22, 2017) (malicious prosecution claim procedurally barred), *report and recommendation adopted*, 2017 WL 3314195 (N.D. Tex. Aug. 3, 2017).

On the issue of cause, it would appear that Defendant relies on his complaint that he asked his attorney to appeal his conviction and the attorney did not do so. However, after a hearing, the Court determined that Defendant had not sustained his burden on that issue of fact. D.E. 212. Therefore, Defendant has not sustained his burden on the "cause" prong. The Court **HOLDS** that the vindictive prosecution claim is procedurally barred and

the motion (D.E. 180) may be denied with respect to the vindictive prosecution claim on that basis.

Moreover, proof of prosecutorial vindictiveness on the merits requires that the defendant show (1) actual vindictiveness through objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights, or (2) sufficient facts to create a presumption of vindictiveness. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). The basis for Defendant's argument—chronology in which the superseding indictment followed his rejection of a plea deal—does not support a vindictive prosecution claim.

The *Saltzman* court applied the Supreme Court's holding in *Bordenkircher v. Hayes*, 434 U.S. 357, 358 (1978), writing, "the Due Process Clause of the Fourteenth Amendment d[oes] not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged." *Saltzman*, 537 F.3d at 360. In *Bordenkircher*, "[i]t was not disputed that the additional charge was justified by the evidence, that the prosecutor was in possession of this evidence at the time the original indictment was obtained, and that the prosecutor sought the additional charge because of the accused's refusal to plead guilty to the original charge." *Id*.

The only difference here is that the evidence was being processed at the time the original indictment was obtained and the report was made available at the end of the plea negotiations, justifying the superseding indictment. *See* D.E. 216-1 (forensic chemist's report, the authenticity of which is not challenged). This is objective evidence to indicate

4 / 10

to a reasonable mind that the superseding indictment was based on a purpose other than a vindictive desire to punish or deter. *See Saltzman*, 537 F.3d at 360 (quoting *United States v. Wells*, 262 F.3d 455, 466–67 (5th Cir. 2001)).

Defendant's claim is procedurally barred and he has not sustained his burden to show vindictive prosecution. The motion (D.E. 180) is **DENIED** with respect to vindictive prosecution.

## B. Ineffective Assistance of Counsel

### 1. Rubric

An ineffective assistance of counsel (IAC) allegation presented in a § 2255 motion is analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Willis*, 273 F.3d at 598. To prevail on an IAC claim, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Willis*, 273 F.3d at 598. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689-90.

With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Discussion

Defendant listed four ineffective assistance of counsel complaints: (1) failure to properly communicate the charges and sentencing guidelines; (2) failure to file motions that counsel deemed "frivolous;" (3) allowing the judge to coerce him into withdrawing his plea; and (4) failure to file a direct appeal. Pursuant to the Court's prior Memorandum Opinion and Order (D.E. 212), Defendant's fourth IAC claim has been denied and will not be further addressed. Discussion of the first three follows.

### a.    Communication of Charges and Sentencing Guidelines

The Government challenges the first complaint because it is conclusory. D.E. 216, p. 9 (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)). Defendant does not allege which of several attorneys representing him failed to provide the explanation of his charges and range of punishment. *Id*. The Court notes that Defendant also fails to allege when that failure took place or what difference it made. Moreover, the record is clear that counsel discussed with Defendant the Second Amended Presentence Report, containing a

6 / 10

disclosure of the charges he faced and the potential sentences they carried. *Id*. (citing D.E. 196, pp. 3-4). And Defendant does not demonstrate that he suffered any prejudice, as required by *Strickland*. *Id*., p. 10. The Court rejects Defendant's first IAC claim.

### b.      Motions

The Government challenges the second complaint because it is improperly conclusory and fails to state any supporting facts. D.E. 216, p. 10. In full, Defendant states, "Did not file the motions I asked for stating they are frivolous." D.E. 180, p. 5. Defendant does not state what motions he asked for, does not show that any motions had any merit or were part of a proper defense strategy, and does not indicate how failure to file any motion had a material effect on the outcome or was prejudicial. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (internal citation omitted).

The Government also challenges this claim because Defendant cannot survive the *Strickland* analysis of what conduct constituted ineffective assistance of counsel or how he was prejudiced. D.E. 216, p. 10. The Court agrees and rejects Defendant's second IAC claim.

### c.      Coercion to Withdraw Plea and Go to Trial

The Fifth Circuit has explained coercion in the context of criminal pleas as follows:

> For a guilty plea to be voluntary, it must not be the product of actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel.

*United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014) (footnotes and quotation marks omitted); *see also Brady v. United States*, 397 U.S. 742, 750 (1970). Allegations of a coerced plea usually are raised in the context of a defendant who has entered a plea of guilty. Logically, the same standard should apply to a claim that a plea of "not guilty" was coerced.

The record reflects that counsel and the Court properly advised Defendant of the consequences of his plea and that he voluntarily entered his written "not guilty" plea. Minute Entries, August 7, 2020 (initial appearance); February 18, 2021 (acknowledging request for pre-plea PSR as a reason for continuance); February 23, 2022 (re-arraignment); D.E. 21, 64 (approved written acknowledgments and entries of plea); D.E. 33 (continuance). Defendant offers no factual allegations to support any threat of physical harm or mental overbearance. The Court rejects the third IAC claim.

Having rejected all of Defendant's individual IAC claims, the Court **DENIES** the § 2255 motion (D.E. 180) with respect to the IAC challenge.

### d.   Additional Claims

In his newly-filed response, Defendant asserts that he is not making complaints based on new grounds, but that he is simply documenting the facts of record and controlling caselaw regarding his original complaints of IAC and insufficiency of the evidence. In that regard, he argues that he has IAC claims based on:

- His counsel's failure to challenge the chain of custody regarding the drug evidence. D.E. 221-1, p. 4.

- His counsel's failure to investigate and present exculpatory possession evidence. *Id.*, p. 6.

- His counsel's failure to object to misleading arguments and to capitalize on favorable instructions. *Id.*

These state complaints that were waived for failure to file a direct appeal. Defendant cannot bypass the Court's prior decision that he failed to sustain his burden to show that he requested an appeal by seeking to litigate the appellate issues in this § 2255 proceeding.

## C. Insufficient Evidence to Convict

Defendant complains of insufficient evidence, stating that "constructive possession was not proved beyond a reasonable doubt that I had placed drugs or gun in car or known anything was in it." D.E. 180, p. 8. The Government responds that this claim is a matter for direct appeal and cannot form the basis of a § 2255 motion. D.E. 216, p. 13. Further, a substantially similar claim was denied in the Rule 29 motion previously presented to the Court. *Id.* (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (addressing collateral estoppel)).

As the Government observed, the Fifth Circuit has stated, "The authorities uniformly and without number hold that § 2255 may not be used as a substitute for an appeal and that insufficiency or irrelevance of evidence is not ground for relief under this section." *Kristiansand v. United States*, 319 F.2d 416, 417 (5th Cir. 1963) (citing cases). "The claim that the evidence is insufficient to support the verdict might have been raised on appeal but not on a Section 2255 motion." *Sears v. United States*, 265 F.2d 301, 302 (5th Cir. 1959) (per curiam) (citing cases).

Nonetheless, Defendant continues to present issues regarding the sufficiency of the evidence to support his conviction. D.E. 221-1, p. 8. He claims that his counsel's deficiencies are cause to negate his procedural default and reopen these issues for full consideration. Again, this argument is contrary to the Court's prior determination that Defendant did not seek a direct appeal and therefore waived these issues, regardless of how compelling he may feel his arguments are. His additional discussion of the facts and record references do not change the limitations of his § 2255 proceeding.

The § 2255 motion (D.E. 180) is **DENIED** with respect to its insufficient evidence complaint.

<b>CONCLUSION</b>

For the reasons set out above, the Court **DENIES** Defendant's § 2255 motion (D.E. 180) in its entirety.

**ORDERED** on May 5, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE